

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 20, 2023**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| MICHAEL STEPHEN GALMOR, | § § | Case No.: 18-20209-RLJ7 |
| Debtor. | § § | |
| In re: | § § | |
| GALMOR'S/G & G STEAM SERVICE, INC., | § § § | Case No.: 18-20210-RLJ7 |
| Debtor. | § § | |

## **MEMORANDUM OPINION AND ORDER**

The Oklahoma Tax Commission (OTC) filed its motion in each of these two affiliated chapter 7 bankruptcy cases asking the court to vacate its orders issued in November 2020 that disallowed the claims of the OTC as against the bankruptcy estates. Hearing on the motions was held on June 21, 2023.

I.

On June 19, 2018, both Michael Stephen Galmor ("Galmor") and Galmor's/G&G Steam Service, Inc. ("G&G Steam Service") filed chapter 11 petitions. Both cases were converted from

1

chapter 11 to chapter 7 on January 8, 2019. Case No. 18-20209, ECF No. 111; Case No. 18-20210, ECF No. 118.[1] A chapter 7 trustee, Kent Ries, was appointed to both cases.

In Galmor's individual case, the OTC filed Claim No. 2 on July 18, 2018.[2] Case No. 18-20209, Claim No. 2-1. That claim includes an unsecured priority claim of $801,077.33 and an unsecured non-priority claim of $52,575.19 for a total claim of $853,652.52. *Id*. The Proof of Claim requested notice to the OTC be sent to: "General Counsel's Office 100 N. Broadway Ave., Suite 1500 Oklahoma Tax Commission [sic], OK 73102."[3] *Id*. at 1. Sean R. McFarland completed the proof of claim.[4] *Id*. at 3. More than two years later, on September 24, 2020, Ries, the chapter 7 trustee (Trustee), objected to the priority and non-priority claim. Case No. 18-20209, ECF No. 188.[5] The Certificate of Service states the objection "was sent either electronically via ECF or mailed in the United States mail, postage prepaid, to … Oklahoma Tax Commission Attn: Sean R. McFarland Assistant General Counsel 100 N. Broadway Ave., Suite 1500 Oklahoma City, Oklahoma 73102." *Id.* at 3. The Trustee served the claim objection on the OTC in accordance with Bankruptcy Rule 3007(a)(2)(A).[6] The objection included negative notice language giving 30 days to respond.[7] *Id*. The OTC did not respond within the time limit set by the Trustee's objection. Without a hearing on the matter, the Court entered an order

---

[1] "ECF No." refers to the numbered docket entry in the Court's file of the applicable case.
[2] Michael Galmor listed his debt owed to the OTC in his Schedule E/F as "contingent" and of an unknown value, and he included the note: "Ongoing Audit." Case No. 18-20209, ECF No. 19 at 23.
[3] The OTC listed the city as "Oklahoma Tax Commission" in its address but, in Part 3 where the proof of claim is signed, the Assistant General Counsel who completed the proof of claim listed the city as "Oklahoma City." Case No. 18-20209, Claim No. 2-1 at 1, 3.
[4] McFarland signed the proof of claim as "Assistant General Counsel."
[5] The basis for his objection to the priority portion of the claim is that no documentation explains why the claim is a priority claim under 11 U.S.C. § 507 and that the tax is disputed. Case No. 18-20209, ECF No. 188. at 2. For the non-priority portion of the claim, the Trustee objects because the claim is subject to an unresolved dispute. *Id.*
[6] "Bankruptcy Rule" refers to a rule of the Federal Rules of Bankruptcy Procedure.
[7] Local Bankruptcy Rule 9007-1 allows negative notice for claim objections. *See* N.D. Tex. L.B.R. 9007-1.

2

disallowing the OTC's claim against the bankruptcy estate. Case No. 18-20209, ECF No. 197. The Court issued its order on November 9, 2020. *Id.*

A similar story unfolded in G&G Steam Service's case: the OTC filed Proof of Claim No. 9 for taxes exceeding $1.1 million.[8] Case No. 18-20210, Claim No. 9-1. The claim was originally filed on July 18, 2018 and then subsequently amended on February 27, 2019. *See* Case No. 18-20210, Claim No. 9-2. The claim required notice be sent to the OTC at the following address: "General Counsel's Office 100 N. Broadway Ave., Suite 1500 Oklahoma City, OK 73102." Case No. 18-20210, Claim Nos. 9-1 at 1, 9-2 at 1. Sean R. McFarland signed the original and amended proofs of claim. Case No. 18-20210, Claim Nos. 9-1 at 3 and 9-2 at 3. The Trustee objected to Claim No. 9 as to the priority and nonpriority claims.[9] Case No. 18-20210, ECF No. 168. The Trustee filed and served this claim objection on the same date he filed the claim objection in the individual case, September 24, 2020. *Id.* The claim objection's certificate of service states, "the foregoing Objection was sent either electronically via ECF or mailed in the United States mail, postage prepaid, to the parties listed below: … Oklahoma Tax Commission Attn: Sean R. McFarland Assistant General Counsel 100 N. Broadway Ave., Suite 1500 Oklahoma City, Oklahoma 73102." *Id.* The claim was served in accordance with Bankruptcy Rule 3007. The objection included negative notice language that specified a 30-day period to respond. *Id.* After the 30 days passed and the OTC had not filed a response, the Court

---

[8] Claim No. 9, as amended, lists an unsecured priority claim of $803,216.29 and an unsecured general claim of $320,123.64, for a total claim of $1,123,339.93. Case No. 18-20210, Claim No. 9-2. G&G Steam Service listed three debts owed to the OTC in its Schedule E/F. Case No. 18-20210, ECF No. 14 at 15. The first scheduled debt owed to the OTC is for $7,980 and says it is for payroll taxes for the first quarter of 2018; it is not marked as contingent, disputed, or unliquidated. The next scheduled debt of $778,415.43 says it is based on audits for 2013, 2014, and 2015 and is listed as a disputed claim. The last scheduled debt of $2,519.34 says it is for May 2008 sales taxes and is not listed as contingent, disputed, or unliquidated. *Id.*

[9] To the priority portion of the claim, the Trustee argues the OTC did not furnish documentation to explain how the claim satisfies 11 U.S.C. § 507 and that G&G Steam Service was actively disputing the tax. Case No. 18-20210, ECF No. 168 at 2. Turning to the nonpriority portion of the claim, the Trustee's objection rests solely on the debtor's dispute over that tax. *Id.*

3

entered an order on November 2, 2020 sustaining the Trustee's objection without a hearing on the matter. Case No. 18-20210, ECF No. 174. The order disallowed Claim No. 9 against the bankruptcy estate. *Id*. at 2.

McFarland left the OTC, and the case, in the Spring of 2021 and was presumably replaced by present counsel.

The Trustee has not fully administered the bankruptcy estates.

In both cases, the OTC asks the Court to vacate the orders disallowing its claims against the bankruptcy estates. Case No. 18-20209, ECF No. 228; Case No. 18-20210, ECF No. 208. The Trustee opposes both motions to vacate. Case No. 18-20209, ECF No. 230; Case No. 18-20210, ECF No 210.

II.

A.

The OTC asks the Court to vacate the November 2020 orders that disallow its claims, without specifying the legal or factual basis for doing so.[10] By its motions here, the OTC admits that it did not respond to the Trustee's objections but states that "[c]ounsel … cannot verify whether the OTC actually received the Motion and subsequent Order." (The OTC refers to the "Debtor's Motion." Perhaps this explains counsel's failure to "verify" receipt of *the Trustee's objections*.) The OTC otherwise resorts to arguing why its claims are valid—that, for each claim, over $800,000 of the total claim amount is a priority unsecured claim under § 507(a)(8) as "trust fund taxes" and thus non-dischargeable (with the balance being general unsecured); that

---

[10] On its face, the OTC's request seems to fall under Bankruptcy Rule 9024, which applies Rule 60 of the Federal Rules of Civil Procedure to bankruptcy proceedings. Rule 60 allows a court to reconsider, and possibly vacate, that court's order for, *inter alia*, excusable neglect. The OTC's counsel, at the hearing, expressed that excusable neglect should be the basis for vacating the Court's order. But, in doing so, counsel did not explain the conduct (or lack thereof) of the OTC that constituted excusable neglect.

4

documentation for the claims is not required; that the OTC assessed the taxes in December 2017, to which Galmor objected but then, *in June 2022*, withdrew his protest "for all tax types," thereby rendering *his* objection moot. The OTC notes that the debtor's case is an asset case, which no doubt renewed its interest in the case.

At the hearing on the OTC's motions, counsel represented to the Court that the attorney that was the primary attorney for the Galmor cases left the OTC in the Spring of 2021 and that current counsel learned of the cases in March 2022.

Counsel represented that the OTC "does not have record of having received these objections by mail." But the OTC offered no evidence of efforts made or process employed to determine if the OTC received the Trustee's objections. The Trustee certified to his mailing of the objections to the address reflected on the proofs of claim. The certificate reflects that it was sent to the attention of Sean R. McFarland, Assistant General Counsel.

Counsel also stated that the Trustee, in discovery in connection with an administrative claim asserted by the OTC in March 2022, somehow reopened the issue of the claims' validity. Again, there is no evidence of this charge save for counsel's representation. The OTC's request for an administrative claim and the Trustee's response make no mention of any prepetition claim. Counsel seems to argue now that the OTC's request for an administrative expense claim—a post-petition-based claim—and the Trustee's response to such claim somehow revived its priority/unsecured claims. But the OTC's priority/unsecured claims and its administrative claim are different claims. And Galmor's withdrawal of his protest to the OTC's assessed taxes does not, as it contends, render the Trustee's "foregoing" objection moot. The claim had been disallowed as a claim against the bankruptcy estate two-plus years earlier.

5

B.

A disallowed claim may be *reconsidered for cause*. 11 U.S.C. § 502(j). "A reconsidered claim may be allowed or disallowed according to the equities of the case." *Id*. Section 502(j) provides two distinct steps.[11] Courts first determine if cause exists to reconsider a claim; they then weigh the equities to ultimately conclude whether the claim should be allowed or disallowed. Bankruptcy Rule 3008 applies § 502(j) by allowing the court to enter an "appropriate order."[12] *See Pride Cos., L.P. v. Johnson (In re Pride Cos., L.P.)*, 285 B.R. 366, 369 (Bankr. N.D. Tex. 2002). Neither the statute nor the rule specifies what constitutes cause or an appropriate order; the language, however, indicates the Court has discretion in determining both. *See Colley v. Nat'l Bank of Tex. (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir. 1987) ("As the Advisory Committee Note to Bankruptcy Rule 3008 evidences, the bankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary, as the court may decline to reconsider without a hearing or notice to the parties involved.").

The Fifth Circuit applies different standards of cause based on the timing of the motion to reconsider an allowed or disallowed claim (or in this case, the motion to vacate the order disallowing the claim). *See Abraham v. Aguilar (In re Aguilar)*, 861 F.2d 873, 874–75 (5th Cir. 1988); *In re Colley*, 814 F.2d at 1010.

If the motion is filed prior to the time to file an appeal,[13] Bankruptcy Rule 9023 guides the cause analysis.[14] *See In re Aguilar*, 861 F.2d at 875; *Pride Cos. L.P.*, 285 B.R. at 369 (This Court looked to Bankruptcy Rule 9023 to direct the cause analysis for a motion to reconsider

---

[11] "Section" or "§" refers to 11 U.S.C., the Bankruptcy Code, unless otherwise stated.
[12] "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Fed. R. Bankr. P. 3008.
[13] Bankruptcy Rule 8002(a) provides that a notice of appeal must be filed with 14 days after the entry of the order.
[14] Bankruptcy Rule 9023 applies Rule 59 of the Federal Rules of Civil Procedure to bankruptcy proceedings. Rule 59 allows for altering or amending judgements.

claims when the motion was filed before the time to appeal ran.). Conversely, Bankruptcy Rule 9024 guides the standard of cause for motions to reconsider a disallowed claim when the motion was filed after the time to appeal elapsed.[15] *See In re Colley*, 814 F.2d at 1010. This shifting standard does not threaten the "*finality of contested matters*." *Id*. (emphasis added). Courts applying the *Aguilar* and *Colley* standards for cause based on the timeliness of the motion routinely emphasize the importance of protecting the finality of contested matters. *See In re Porter Dev. Partners, LLC*, 648 B.R. 309, 314–15 (Bankr. S.D. Tex. 2023); *In re Renaissance Radio, Inc.*, No. 03-33479-BJH, 2019 WL 1503787, at *8, 2019 Bankr. LEXIS 1047, at *18 (Bankr. N.D. Tex. April 4, 2019). Friction arises when that reasoning is applied to the case at hand because the matter was not truly contested—the order disallowing the claim effects a default judgment due to the OTC's failure to respond.[16] And that friction is important because the Fifth Circuit takes a more lenient approach when applying Rule 60(b) to set aside a default judgment.[17] *See Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1459 (5th Cir. 1992). In fact, bankruptcy courts in the Southern District of Texas simply exercise "virtually plenary" discretion to determine cause rather than looking to Rule 60(b). *See In re Porter Dev. Partners*, 648 B.R. at 314–15.

In exercising its discretion, the Court considers the following circumstances:

---

[15] Bankruptcy Rule 9024 applies Rule 60 of the Federal Rules of Civil Procedure to bankruptcy proceedings. Rule 60 allows for relief from a judgment or order.

[16] But note that the Court's orders were not default judgments governed by Rule 55 of the Federal Rules of Civil Procedure because that rule applies to matters where a party seeks affirmative relief. Claim objections, which seek to disallow a claim, are not affirmative relief. *See In re Idearc, Inc.*, No. 09-31828-BJH-11, 2011 WL 203859, at *18, 2011 Bankr. LEXIS 246, at *64 (Bankr. N.D. Tex. Jan. 21, 2011); *Solomon Farms LLC v. Pate*, No. 2:14-CV-467, 2015 WL 1782071, at *7 n.8 (S.D. Tex. April 20, 2015); Fed. R. Bankr. P. 3007 advisory committee's note to 2017 amendment ("Unlike a contested matter, an adversary proceeding requires the service of a summons and complaint, which puts the defendant on notice of the potential for an affirmative recovery."). Neverthelesss, a default judgment under Rule 55 and the orders entered without contest here are similar such that the factors applied to setting aside the default judgment may be helpful to determine whether to set aside the orders disallowing the OTC's claims. In fact, Rule 55(c) even looks to Rule 60(b) to set aside a default judgment.

[17] "Rule" refers to a rule of the Federal Rules of Civil Procedure.

First, the Trustee's objections to the OTC's proofs of claim did not substantively attack the claims. The objections merely state the proofs lacked documentation for the amounts owing and that *the debtor* disputed the tax claims.

Second, the merits of the OTC's claims were not litigated—the orders disallowing the claims were issued upon the OTC's default. A party is not prejudiced if it is required to prove its case. *Heller v. Tex. Real Estate Comm'n (In re Marinez)*, 589 F.3d 772, 778 (5th Cir. 2009) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)). The Court construes the Trustee's objections as intended to ferret out the factual basis for the amounts claimed by the OTC.

Third, timely filed proofs of claim are deemed allowed unless objected to. 11 U.S.C. § 502(a). And a claim is allowed in the amount asserted by the proof, except to the extent it represents an amount that is specifically disallowed under § 502(b)(1)–(9) of the Code.

Fourth, the claims are among the largest unsecured claims in the case. The OTC also submits that its claims are accorded priority status for the majority of the amounts asserted and are at least partially non-dischargeable. The Trustee submits the OTC's amounts of the claims may be significantly less than the amounts under the proofs.

Fifth, the OTC's motions here were filed two-plus years *after* the orders were issued disallowing its claims.

III.

The OTC ignores the most important question here, which is whether the OTC received proper notice of and due process on the Trustee's objections and thus whether the Court's orders should be set aside. Given the amounts and significance of the OTC's claims here, and in light of the above-stated circumstances, the Court hereby

ORDERS as follows:

1) Hearing is hereby set for August 21, 2023, at 11:00 a.m., before the Court in the 3rd Floor Courtroom, at 205 Southeast Fifth Avenue, Amarillo, Texas;

2) The OTC and the Trustee may present evidence in support of their respective positions on whether the Court's November 2020 orders should be set aside. The merits of the claims will not be addressed at the hearing.

### End of Memorandum Opinion and Order ###